■ In the Matter of the Claim of JOAN M. CLARK, Appellant v GENERAL ELECTRIC CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed July 11, 1977 and October 4, 1977. The record is devoid of any proof of when notice of the decision was given to the claimant as is required by section 23 of the Workers' Compensation Law. For that reason, the decision of the board is not supported by substantial evidence and should be reversed (Matter of Sicker v Spencer & Son Corp., 30 AD2d 886, mot for lv to app den 22 NY2d 645). If it were necessary to reach the question of mailing, it should be observed that the Form C-67 used by the board as a "notice of decision" specifically states in a paragraph or footnote numbered "2" as follows: "2. You have the right to appeal this decision within 30 days from the date of this notice by writing to the Board at its nearest office stating the grounds for your appeal and requesting a review of the decision." (Emphasis added.) Not only does the "notice" misstate the beginning of the time to appeal as set forth in section 23 of the Workers' Compensation Law, it specifically authorizes writing as a permissible way to perfect an appeal without any statement as to "filing" the appeal. In this particular case, the board might be estopped from relying upon its regulation or rule (12 NYCRR 300.13) since its "notice" is not in conformity therewith. However, it is unnecessary to fully consider the issue as to when notice is given, what effect, if any, mailing has on the time limitation of section 23 of the Workers' Compensation Law, and whether or not a notice of appeal from a referee's decision must be physically filed within 30 days from notice. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.