UNITED STATES of America, ex rel., Thomas G. LENO, Dorothy Leno dba T & D Construction, Plaintiffs–Appellants,

v.

SUMMIT CONSTRUCTION COMPANY, et al., Defendants–Appellees.

No. 88–4122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1989.

Decided Dec. 19, 1989.

Jeffrey J. Hepworth, Hepworth, Nungester & Lezamia, Twin Falls, Idaho, for plaintiffs-appellants.

Lloyd J. Walker, Twin Falls, Idaho, for defendants-appellees.

Before NELSON, BOOCHEVER and TROTT, Circuit Judges.

NELSON, Circuit Judge:

Appellants Thomas and Dorothy Leno dba T & D Construction ("Leno") challenge a denial of attorneys' fees and the amount of damages awarded by the trial court. Leno argues that its claims against appellees Wausau and Summit Construction were pendent state claims and that as the prevailing party under Idaho law it is entitled to attorneys' fees. The district court refused to award fees on the ground that the action arose under the Miller Act, 40 U.S.C. §§ 270a–270b (1982), which does not allow fee awards. Because we agree with the district court that Leno's claims were brought pursuant to the Miller Act, we affirm the lower court's denial of fees. In addition, appellant argues that the district court arbitrarily calculated damages and failed to consider the equities. We find that the district court did not err in calculating the damages, and we affirm the court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellee, Summit Construction Company (Summit) was awarded a contract by the United States Forest Service to build nine timber access roads in the Targhee National Forest. As required by the Miller Act, 40 U.S.C. § 270a(a), Summit filed a payment bond issued by appellee, Employers Insurance of Wausau (Wausau).

To construct the road, Summit needed subcontractors to survey the road, clear all the timber, and then excavate. Clearing a road includes removing timber remnants. Timber remnants, known as slash, are removed by raking them into piles and then burning or burying them. After the clearing, a road is excavated by cutting the dirt from the high areas and pushing it into the low areas.

In April or May 1986, Appellant, T & D Construction, a sole proprietorship owned by Thomas and Dorothy Leno (Leno), entered into an oral contract with Garth Aslett, a superintendent for Summit Construction. Under the oral contract Leno agreed to excavate anything he could cut and rip with his D–8h Caterpillar (CAT) tractor for

$1 per yard on three roads, Lucky Dog, Warm River Road and Warm River Ridge Road. Leno excavated 46,562 cubic yards of dirt on the three roads and was entitled to $46,562.00 under the oral contract.

Leno and Summit did not have an agreement to clear the roads. Summit had contracted with Gordon Smith to do the clearing work; however, Smith never completed the clearing on Lucky Dog Road. Because Summit had failed to have the roads cleared completely, Leno raked, piled, and buried the slash on Lucky Dog Road. Leno repeatedly complained about having to clear the roads before excavating because his CAT was not well suited to raking and piling slash.

After leaving the site, Leno was paid $39,000. On March 31, 1987, Leno filed this lawsuit. Federal jurisdiction was obtained pursuant to the Miller Act. 40 U.S.C. § 270b (1982). In the district court, Leno alleged that Summit had failed to pay for work performed under the contract and for extra work and services done on the project.[1] Leno also requested attorneys' fees.

At the trial Leno recovered a judgment against Summit, Phillip Aslett, and Wausau.[2] The trial court found that Leno was entitled to $46,562 pursuant to the contract, offset by the $39,000 Summit had already paid. The court also found that Summit owed Leno $18,841 under the theory of quantum meruit minus $4,617 for goods and services Summit provided to Leno.

In deciding the quantum meruit award, the court calculated the reasonable value of Leno's raking and piling of the slash on Lucky Dog Road at $200 per acre. Gordon Smith had agreed to do the clearing work less the grubbing for $1,200 per acre or to do the clearing for $800 per acre excluding grubbing and raking and piling slash. The district court calculated from these figures

that the value of raking and piling slash was $400 per acre. However, the district court also considered Leno's testimony that he did a poor job raking and piling slash because his CAT was not well suited for the job. The court then concluded "[f]rom the totality of the evidence" that the reasonable value of Leno's raking and piling of the slash on Lucky Dog Road was only $200 per acre for a total of $2400.

After the district court issued the judgment, Leno moved to amend the Judgment and Findings of Fact on five different issues. Leno also petitioned the court for an award of attorneys' fees pursuant to Idaho Code §§ 12–120(3), 12–121, and 41–1839. On June 28, 1988, the trial court denied Leno's Petition for Award of Attorney Fees because attorneys' fees are "ordinarily not recoverable" under the Miller Act. The district court also refused to amend its Findings of Fact. Leno filed a timely appeal on August 26, 1988. On appeal Leno moved to amend the Judgment and Findings of Fact on only one issue, the damage award for work on Lucky Dog Road, and also appealed the denial of attorneys' fees.

## DISCUSSION

### I. *Attorneys' Fees*

#### A. *Standard of Review*

While awards of attorneys' fees generally are reviewed for abuse of discretion, *Mitchell v. Keith*, 752 F.2d 385, 392 (9th Cir.), *cert. denied*, 472 U.S. 1028, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985), the issue in this case is the district court's application of law to the fees request. The trial court's application of the correct legal standard is reviewed de novo. *United States ex rel. Reed v. Esto, Inc.*, 884 F.2d 1180, 1184 (9th Cir.1989).

---

1. Summit counterclaimed for damages against Leno for failure to do the work under the contract in a workmanlike manner. This claim was denied and has not been appealed.

2. Phillip Aslett, a partner in Summit, is also an appellee. Garth Aslett and Jeff Aslett, superin-

tendents employed by Summit on the project were also defendants in the district court. The trial court found that, as agents, they incurred no liability. This decision has not been appealed.

### B. *Attorneys' Fees under the Miller Act*

■ In the complaint, Leno alleged breach of contract and quantum meruit claims. Both claims were "brought pursuant to the Miller Act." In oral argument, appellant admitted that it brought suit solely under the Miller Act. Even in its request for attorneys' fees, Leno did not mention Idaho Code § 12–120, which would mandate attorneys' fees if the contract or quasi-contract claims had arisen under state law.

■ On appeal, Leno argued that it now considered the basis for federal jurisdiction to be not the Miller Act but pendent state jurisdiction under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Both the breach of contract and quantum meruit claims are permitted under the Miller Act. *See United States v. Western Casualty and Surety Co.*, 498 F.2d 335, 338 (9th Cir.1974); *Central Steel Erection Co. v. Will*, 304 F.2d 548, 551 (9th Cir.1962). Thus, it was within the discretion of the trial court to find that the quantum meruit claim arose as a pendent state claim rather than under the Miller Act. *See United Mine Workers*, 383 U.S. at 726, 86 S.Ct. at 1139. However, when Leno did not mention the pendent basis for jurisdiction during the trial, it is not surprising that the district court found only Miller Act jurisdiction. Liberal pleading rules do not extend to finding a wholly new basis for jurisdiction after the trial.

■ Because we find that Leno's claims arose under the Miller Act, no attorneys' fees are available. *See F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974). Under federal law the American rule of fees applies. Each party bears its own legal costs absent an enforceable contract provision or evidence that an opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co.*, 417 U.S. at 126, 94 S.Ct. at 2163.[3] Congress did not intend to incorporate state law governing the award of attorneys' fees into the Miller Act and saw no compelling reason to create a Miller Act exception to the general American rule. *Id.* at 129–31, 94 S.Ct. at 2165–66. Therefore, unless there is a separate state claim at the trial level attorneys' fees are not available in a Miller Act suit even when state law provides for such an award.[4]

### II. *Damages for Work Done on Lucky Dog Road*

#### A. *Standard of Review*

Leno presents a challenge to the findings of fact of the trial court. "Findings of fact ... shall not be set aside unless clearly erroneous...." Fed.R.Civ.P. 52(a) "A finding is 'clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

#### B. *Calculation of Damages on Lucky Dog Road*

Leno claims the court erred in calculating damages because it "failed to consider

---

**3.** Appellant does claim in its brief that Summit Construction acted in bad faith. However, that assertion is the basis for Appellant's argument that the trial court did not award adequate damages because it failed to balance the equities. Appellant never argued here or in the lower court that attorneys' fees should be awarded on the basis of Summit's bad faith. The failure to raise the issue below waives it here. *Ellingson v. Burlington Northern*, 653 F.2d 1327, 1332 (9th Cir.1981); *see also Commercial Standard Ins. Co. v. Bryce Street Apartment, Ltd.*, 703 F.2d 904, 908 (5th Cir.1983) ("The time for sorting out theories begins long before the filing of a notice of appeal.").

**4.** Summit Construction seeks attorneys' fees for this appeal under Rule 11 because appellant's failure to order a transcript rendered its appeal "without merit." This court finds no basis to award fees to Summit. Appellee cites no evidence and none appeared in the record to indicate that the appeal was not "well grounded in fact and warranted by existing law" or that it was "interposed for any improper purpose." Fed.R.Civ.P. 11. Rule 11 "provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 185 (1985).

the equities involved and the monetary effect on the parties." On the basis of the trial court's award, Leno believes that it will lose money and "Summit will actually increase its profit on Lucky Dog as a result of its bad faith and incompetence." As the district court noted, this argument is misguided.

■ The district court calculated the damage award in quantum meruit for work done on Lucky Dog Road on the basis of Idaho state law. This circuit "has long held that state law controls the interpretation of Miller Act subcontracts to which the United States is not a party." *Reed*, 884 F.2d at 1185; *Western Casualty & Surety Co.*, 498 F.2d at 338 n. 4. This is particularly appropriate where, as here, the applicable state law reflects general contract principles. *See United States v. Mountain States Const. Co.*, 588 F.2d 259, 2, 62 (9th Cir.1978).

■ Under Idaho law, recovery in quantum meruit is measured by the reasonable value of the subcontractor's performance. The standard for measuring reasonable value is the customary rate for such services at the time the work was performed. It is not the value of the actual benefit realized by the contractor nor the actual cost of services to the subcontractor. *See Peavey v. Pellandini*, 97 Idaho 655, 551 P.2d 610, 616 (1976). Accordingly, the district court's use of the price paid to Gordon Smith for slash work as a guide to the value of Leno's slash work was correct. Whether Summit retains a substantial profit or Leno suffers a loss is of no consequence in determining the quantum meruit award.

■ Leno also argues that the court's calculations in reducing the value of its slash work from $400 to $200 per acre were arbitrary and that there was no evidence proving that Summit had not attained full value from its removal. The court found that the reasonable value of raking and piling slash was $400 per acre. However, the magistrate found that "Leno testified that his CAT was not well suited for raking and piling slash" and "Leno admitted that he did a poor job raking and piling slash."

The magistrate also noted that "Summit may have had to do extra patrol work on Lucky Dog...." Based on the "totality of the evidence" the court concluded that Leno's slash was worth only $200 per acre.

By necessity, reaching the exact dollar figure involved an element of judgment; however, this fact alone does not suggest that a mistake has been committed. The magistrate provided testimony from the trial to support his findings that Leno's equipment prevented him from performing slash work at the customary level of value. Under these circumstances the damage award is not clearly erroneous.

Each side will bear its own costs and fees for this appeal.

AFFIRMED.