942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven TAPAT, Jr., United States of America for the use and
benefit of Steven Tapat, Jr. dba Building
Technologies Co., Plaintiff-Appellee,
v.
SANDWICH ISLANDS CONSTRUCTION, LTD., a Hawaii corporation,
Fidelity and Deposit Company of Maryland, a
Maryland corporation, Defendants-Appellants.
UNITED STATES of America for the use and benefit of Steven
Tapat, Jr. dba Building Technologies Co.,
Plaintiff-Appellant,
v.
SANDWICH ISLANDS CONSTRUCTION, LTD., a Hawaii corporation,
Fidelity and Deposit Company of Maryland, a
Maryland corporation, Defendants-Appellees.
 No. 90-15193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1991.*
Decided Aug. 22, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandwich Islands Construction appeals the judgment after a jury trial in favor of Steven Tapat, Jr., its subcontractor on two government contracts, in Tapat's action under the Miller Act, 40 U.S.C. §§ 270a-270d. Sandwich contends that the district court erred in refusing to admit evidence regarding a third subcontract between Tapat and Sandwich. Tapat cross-appeals the district court's denial of his motion for attorney's fees.
 
 
 3
 Tapat instituted this Miller Act action to recover losses on two federal projects. Sandwich filed a counterclaim for breach of contract on the two federal jobs and on a third, non-federal job for which Tapat was also a subcontractor. The district court declined to exercise pendent jurisdiction over the non-federal job. The district court further ruled that evidence regarding an alleged default by Tapat on the non-federal contract was inadmissible. The court found the evidence to be both irrelevant to the question of breach of the federal contracts and unduly prejudicial.
 
 
 4
 We review evidentiary rulings for an abuse of discretion. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988). Sandwich argues that excluded evidence concerning the state contract was necessary to its theory that Tapat defaulted on the federal contracts by 1) failing to provide adequate assurance of performance and 2) by anticipatory repudiation of the contracts. We understand but reject the argument. Sandwich relies on the Hawaii Uniform Commercial Code. No Hawaiian authority supports application of the Code's "right to adequate assurances," Haw.Rev.Stat. § 490: 2-609, or "anticipatory repudiation," Haw.Rev.Stat. § 490: 2-610, provisions to a construction contract. Moreover, Sandwich failed to establish the relevance, under such theories, of the alleged default on the state contract to a breach of the federal contracts. The district court did not abuse its discretion in barring reference to the state contract.
 
 
 5
 Tapat argues that the district court erred in denying its motion for attorney's fees. We review the district court's application of law to the fees request de novo. United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989), cert. denied, 110 S.Ct. 1167 (1990). The Miller Act was the sole jurisdictional basis for Tapat's suit. Tapat did not assert pendent jurisdiction. His breach of contract and quantum meruit claims were raised pursuant to the Miller Act. See United States of America ex rel. Leno v. Summit Constr. Co., 892 F.2d 788 (9th Cir.1989). Because Tapat's claims arose under the Miller Act, no attorney's fees are available. Id.
 
 
 6
 The Miller Act does not, however, provide the basis for jurisdiction as to Sandwich's counterclaim. See 40 U.S.C. § 270b. Because the district court assumed pendent jurisdiction over the counterclaim, state law governs the availability of attorney's fees. See Summit Constr. Co., 892 F.2d at 791. By statute, Hawaii provides the prevailing party attorney's fees in actions "in the nature of assumpsit." Haw.Rev.Stat. § 607-14 (1976). "Assumpsit is a common law form of action for the recovery of damages for the non-performance of a contract." Smothers v. Renander, 2 H.App. 400, 633 P.2d 556, 561 (1981). Because Sandwich's breach of contract counterclaim sounded in assumpsit, Tapat is entitled to attorney's fees for that portion of the case. Id.
 
 
 7
 We affirm the district court except we reverse that portion of the court's order denying Tapat attorney's fees on Sandwich's counterclaim. We remand to the district court to calculate the proper amount of attorney's fees to be paid Tapat pursuant to Haw.Rev.Stat. § 607-14 for his successful defense of Sandwich's counterclaim.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3