**Leda O'BRIEN, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendant.**

**No. CIV–95–0096–PHX–SMM.**

United States District Court,
D. Arizona.

July 13, 1995.

Leda O'Brien, Phoenix, AZ, Pro Se.

Brian Kaven, Burch & Cracchiolo P.A., Phoenix, AZ, for Farmer's Insurance Company, Truck Insurance Exchange.

Richard Glenn Patrick, U.S. Attorney's Office, Phoenix, AZ, for Janet Reno, Bruce Babbitt.

Steven H. Everts, Udall Shumway Blackhurst Allen & Lyons, Mesa, AZ, for The Church of Latter Day Saints.

Lisa K. Daniel, Attorney General's Office, Assistant Attorney General, Phoenix, AZ, for State of Arizona, Fife Symington, Grant Woods.

Andrew Abraham, Burch & Cracchiolo P.A., Phoenix, AZ, for Eddie Basha.

William J. Maledon, Osborn Maledon P.A., Phoenix, AZ, for Charles Barkley.

Richard Glenn Patrick, U.S. Attorney's Office, Janet Napolitano, United States Attorney, Phoenix, AZ, for Weldon Kennedy.

Richard A. Stewart, Maricopa County Attorney's Office, Phoenix, AZ, for Rick Romley, Joe Arpaio.

William R. Jones, Jr., Jones Skelton & Hochuli, Phoenix, AZ, for Frank Fairbanks, Dennis Garrett.

### ORDER

McNAMEE, District Judge.

## I. INTRODUCTION

On January 18, 1995, Plaintiff initiated this suit asserting claims for deprivation of civil rights, violations of federal wire communications laws, intentional infliction of emotional distress, and invasion of privacy. Plaintiff named as Defendants: United States Department of Justice; Farmer's Insurance Company, Truck Insurance Exchange; Ted Kennedy; Andy Williams, Johnny Mathis; Janet Reno; Neil Diamond; Nancy Reagan; The Church of Latter Day Saints; Barbara Bush; Baron Rothchild; The State of Arizona; Bruce Babbitt; Eddie Basha; Phoenix Suns; Charles Barkley; National Basketball Association; and Does 1–100.

On February 17, 1995, O'Brien filed an Amended Complaint. The Amended Complaint added as Defendants: Agents of the State of Arizona, Fife Symington, Governor; Grant Woods, Attorney General; FBI Agent of Arizona Weldon Kennedy; Agents of the County of Maricopa, Rick Romley, County Attorney; Joe Arpaio, Sheriff; Agents of the City of Phoenix, Frank Fairbanks, City Manager; Dennis Garrett, Chief of Police; Phoenix Suns Owner Jerry Colangelo; and National Basketball Association Commissioner David Stern.

On May 3, 1995, Defendant Truck Insurance Exchange ("Truck") filed a Motion to Dismiss. Defendants Fife Symington, Grant Woods, Eddie Basha, and The Church of Jesus Christ of Latter Day Saints have joined in Truck's motion.[1] The motion has been fully briefed and is ready for the Court's consideration. The Court finds that the issues presented are appropriate for resolution absent oral argument.

## II. BACKGROUND

Plaintiff is a frequent litigator in this Court. On December 27, 1993, Plaintiff instituted *O'Brien v. Farmers Ins. Group, et al.*, CV–93–2401–PHX–PGR. Therein, Plaintiff claimed that Hillary Rodham Clinton, Janet Reno, Donna Shalala, Frank Sinatra, Johnny Mathis, Andy Williams, and the Phoenix Suns took part in a bizarre conspiracy against Plaintiff which entailed using Plaintiff as a guinea pig by injecting Plaintiff with germs, subjecting Plaintiff to electric shocks, and examining and inserting probes into Plaintiff's orifices. *See* CV–93–2401–PHX–PGR, Plaintiff's Memorandum of Points and Authority in Support of Plaintiff's Motion for Temporary Injunction. The Court dismissed this claim for lack of subject matter jurisdiction finding that "the complaint is patently insubstantial in that it is based on such fantastic and delusional factual scenarios as to render it legally frivolous." *Id.*, Order entered May 8, 1994, at 1.

On August 2, 1994, Plaintiff filed a petition for writ of habeas corpus with this Court.

*See O'Brien v. United States Department of Justice, et al.*, CV–94–1584–PHX–PGR. The petition alleged that the United States Department of Justice, Truck Insurance Exchange, Ted Kennedy, Andy Williams, Johnny Mathis, Janet Reno, Neil Diamond, and Barbara Bush illegally imprisoned Plaintiff by confining her to her home. *Id.*, Petition for Writ of Habeas Corpus. The Court also dismissed this action for lack of subject matter jurisdiction finding that Plaintiff was not "in custody" and was thus not entitled to habeas relief. *Id.*, Order entered August 10, 1994.

Displeased with the outcome of her previous suits, on September 19, 1994, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit. *See* Truck's Motion to Dismiss, Exh. 3. Plaintiff requested the circuit court to order this Court to issue a writ of habeas corpus and a temporary restraining order against the defendants. *Id.* Just four months later, Plaintiff paid the requisite filing fee and instituted the present action, again alleging a conspiracy carried out by government officials, religious institutions, corporations, and entertainers.

## III. DISCUSSION

■ Truck argues that the Court should dismiss this action because Plaintiff's allegations are so fantastic that they cannot properly invoke the Court's jurisdiction or state a cognizable claim. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,' . . . ." *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974) (citations omitted); *see also Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417 (9th Cir.1991).

■ Plaintiff alleges in the instant action that Defendants installed electronic and "hi-tech satellite" equipment upon Plaintiff's residential telephone lines and "anywhere Plain-

---

1. The State of Arizona, the Phoenix Suns, the National Basketball Association, Charles Barkley, the City of Phoenix, Dennis Garrett, Frank Fairbanks, Janet Reno, the Department of Justice, Weldon Kennedy, and Bruce Babbitt have also filed separate motions to dismiss.

tiff resides" in order to "abuse, punish, persecute, victimize, orchestrate and conduct criminal, sadistic oral, lascivious, lewd attacks and rape assaults against Plaintiff ... to cause injurious harm and sickness to the Plaintiff, contaminating her with vile germs in her throat and lungs." Amended Complaint, at 6–7, ¶¶ 17–21. Plaintiff further claims that Defendants have "been exposing Plaintiff to countless dating/raping game participants in an effort to orchestrate her personal life and dictate to her, whom she should marry. Johnny Mathis and Neil Diamond, are several of the prime candidates...." *Id.* at 13, ¶ 42. Plaintiff asserts that these activities were "[a]ll at the behest of Barbara Bush and her relative, Baron Rothchild, who paid bribes in a hidden trust, to conduct this pre-orchestrated witch-hunt...." *Id.* For these alleged injuries, amongst others, Plaintiff seeks fifty million dollars in damages against each defendant. *Id.* at 18.

On their face, Plaintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction. *Cf Hagans,* 415 U.S. at 537, 94 S.Ct. at 1379; *Bell,* 327 U.S. at 682–83, 66 S.Ct. at 776. Accordingly, the Court will dismiss the instant action.

 Truck argues that in addition to dismissing the action, the Court should order the Clerk of the Court to perform a threshold examination of any action filed by Plaintiff in the next three years so that further frivolous actions can be dismissed *sua sponte.* The Court agrees that no defendant should be required to expend valuable resources to defend such patently frivolous actions in the future. The Court further notes that past dismissals and findings of frivolousness have not deterred Plaintiff from continuing to file vexatious and frivolous actions. However, with respect to jurisdictional issues, the Court need not order that the Clerk conduct a threshold examination because under well-settled law, the Court may question subject matter jurisdiction at any time *sua sponte.* Fed.R.Civ.P. 12(h); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977). Further, the issuance of a *sua sponte* dismissal would be beyond the Clerk

of the Court's authority. *See* Rule 2.1, Rules of Practice of the United States District Court for the District of Arizona. Finally, in any case where subject matter jurisdiction is satisfied, the Court cannot initially screen and *sua sponte* dismiss the claim as frivolous on its merits unless the claimant is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Accordingly, the Court will not grant Truck's request for far-reaching additional relief.

Truck is not without remedy, however. Upon motion, the Court may sanction a party for presenting a pleading containing allegations that lack evidentiary support or claims that are not warranted under the law. Fed. R.Civ.P. 11(c). Although Truck has not moved for sanctions in accordance with Federal Rule of Civil Procedure 11(c)(1)(A), Truck may employ Rule 11 in the future should Plaintiff attempt to file further frivolous actions.

 Further, the Court on its own initiative may direct a litigant to show cause why it should not be sanctioned in accordance with Rule 11. Fed.R.Civ.P. 11(a)(1)(B). Although lack of subject matter jurisdiction deprives the Court of the ability to adjudicate the merits of a claim, a Rule 11 sanction does not require an assessment of the legal merits of a claim. *Willy v. Coastal Corp.,* 503 U.S. 131, 138, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990)). Rather, Rule 11 requires a court to objectively assess the actions of an attorney to determine whether an abuse of judicial process exists and, if so, what sanction is appropriate to deter improper or abusive conduct. *Id.;* Fed.R.Civ.P. 11 (1995). The objective standard of Rule 11 applies to *pro se* litigants as well. *Business Guides, Inc. v. Chromatic Communications Enters. Inc.,* 892 F.2d 802, 811 (9th Cir.1989), *aff'd,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Accordingly, lack of subject matter jurisdiction does not deprive a district court of its inherent power to impose sanctions. *See Willy,* 503 U.S. at 139–39, 112 S.Ct. at 1081; *Wages v. I.R.S.,* 915 F.2d 1230 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112

L.Ed.2d 1071 (1991) (affirming imposition of a Rule 11 sanction despite lack of subject matter and personal jurisdiction).

O'Brien's allegations in this action are duplicative of those advanced in CV–93–2401–PHX–PGR, except that Plaintiff has named additional defendants alleged to have engaged in the conspiracy. The dismissal in CV–93–2401–PHX–PGR provided O'Brien with notice that the district court lacked subject matter jurisdiction over these claims. Nevertheless, O'Brien continued to pursue this action and has recently filed a Motion for Default Judgment and a Motion for Summary Judgment. In so doing, O'Brien knowingly abused the judicial process to compel Defendants to challenge this court's jurisdiction a second time.

Having reviewed the record, the Court finds that a monetary sanction may be appropriate to deter O'Brien from further abusive conduct. *See United States ex rel. Leno v. Summit Constr. Co.,* 892 F.2d 788, 791 n. 4 (9th Cir.1989). The Court therefore will give O'Brien an opportunity to show cause why the Court should not impose monetary sanctions pursuant to Rule 11.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Motion to Dismiss filed by Defendant Truck Insurance Exchange [document # 23] and joinders in the Motion filed by Defendants Fife Symington and Grant Woods [document # 26], Defendant Church of Jesus Christ of Latter Day Saints [document # 26], and Defendant Eddie Basha [document # 37] are GRANTED to the extent that this action is dismissed in its entirety for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that no later than July 28, 1995, Plaintiff shall file a memorandum to show cause why the Court should not impose monetary sanctions pursuant to Rule 11.