■ In the Matter of the Claim of GLORIA FLYNN, Respondent, v MANAGED CARE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 586] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 2001, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

In January 1995, decedent, the president of Managed Care, Inc., a substance abuse placement service which marketed inpatient drug and alcohol facilities to labor unions in upstate New York and the New York metropolitan area, was involved in an automobile accident and died. Claimant filed a claim for compensation asserting that the accident arose out of decedent's employment and the carrier controverted the claim. The Workers' Compensation Law Judge (hereinafter WCLJ) found that there was prima facie medical evidence to support a compensation claim based upon the autopsy report filed by the medical examiner. The carrier appealed the determination to a Workers' Compensation Board panel, which affirmed such finding and continued the case to address the issue of whether decedent's accident arose out of and in the course of his employment. In a decision dated September 8, 1997, the WCLJ awarded compensation benefits after a further development of the record on those issues. The carrier appealed this decision to the Board and the Board referred the matter to an impartial forensic pathologist for an opinion as to the cause of decedent's death. After receiving the requested report, the Board affirmed the WCLJ's decision and, upon the denial of the carrier's application for full Board review, this appeal ensued.

Claimant and the Board contend that the carrier did not file its notice of appeal within 30 days after receiving notice of the Board's decision as was required pursuant to Workers' Compensation Law § 23 (*see Matter of Dukes v Capitol Formation,* 213 AD2d 756, 756, *lvs dismissed* 86 NY2d 810, 87 NY2d 891). Although the carrier contends that its notice of appeal indicating that the Board's decision was filed and served on February 12, 2001 is not conclusive, the record on appeal nonetheless contains a copy of the decision that the carrier received from the Board which is date stamped February 14, 2001 (*cf. Matter of Buchanon v Adirondack Steel Casting Co.,* 175 AD2d 971; *Matter of Clark v General Elec. Corp.,* 66 AD2d 983). According to the affidavit of service, the carrier did not mail its notice of appeal until March 20, 2001—six days late.

While it does appear that the carrier filed an application for full Board review within the relevant period of time, such filing will not toll the 30-day time period in Workers' Compensation Law § 23 (*see Matter of Kuk v General Elec. Co.,* 147 AD2d 813, 813, *lv dismissed and denied* 74 NY2d 758). Nor do we find merit in the carrier's contention that laches should bar claimant from raising this issue since it was not raised in response to their prior motion to extend the time to perfect the appeal.

For all of these reasons, we dismiss this appeal as untimely.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.