■ In the Matter of the Claim of LINDA MAMMARELLA, Appellant, v DELCO PRODUCTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [824 NYS2d 445]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 5, 2005, which ruled that insufficient proof was offered to establish a change in claimant's condition that was not contemplated at the time of the lump-sum award.

Claimant suffered work-related injuries in 1989 and was subsequently awarded workers' compensation benefits pursuant to a lump-sum settlement. In 1996, claimant returned to work and, thereafter, she filed a new claim alleging that she suffered a change in her condition that was not contemplated at the time of settlement. In January 2003, the Workers' Compensation Board reopened the case and, in March 2004, following development of the record, the Workers' Compensation Law Judge determined that claimant suffered a change in condition not contemplated at the time of settlement. In January 2005, the Board reversed the Workers' Compensation Law Judge's determination and closed the case. That same month, claimant requested full Board review, which was subsequently denied on June 7, 2005, and this appeal ensued.

"Workers' Compensation Law § 23 requires an appeal from a Board decision to be filed within 30 days after notice of the decision has been served upon the parties" (*Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892, 892-893 [2003]). The record contains proof that claimant's attorney received notice of the Board's decision as early as January 14, 2005, as evidenced by counsel's application for full Board review filed this same day. The record also contains a letter authored by claimant in support of her request for full Board review and received by counsel's office for the Board on February 7, 2005. According to claimant's affidavit of service, the notice of appeal was not mailed to the Board until July 7, 2005, several months after she received notice of the Board's decision. Moreover, "[w]hile it does appear that [claimant] filed an application for full Board review within the relevant period of time, such filing will not toll the 30-day time period in Workers' Compensation Law § 23" (*Matter of Flynn v Managed Care*, 302 AD2d 696, 697 [2003]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.