**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TECHNICA LLC, for the use and
benefit of: United States of America,
*Plaintiff-Appellant*,

v.

CAROLINA CASUALTY INSURANCE
COMPANY; CANDELARIA
CORPORATION; OTAY GROUP, INC.;
DOES 1 THROUGH 10, INCLUSIVE,
*Defendants-Appellees*.

No. 12-56539

D.C. No.
3:08-cv-01673-
H-KSC

OPINION

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted
October 11, 2013—Pasadena, California

Filed April 29, 2014

Before: Richard A. Paez and Andrew D. Hurwitz, Circuit
Judges, and Ralph R. Erickson, Chief District Judge.[*]

Opinion by Judge Paez

---

[*] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

## SUMMARY[**]

### Miller Act

Reversing the district court's summary judgment, the panel held that a subcontractor's lack of a California contractor's license did not bar it from pursuing a Miller Act claim for payments due on a subcontract for work on a federal construction project in California.

Agreeing with the Eighth and Tenth Circuits, and distinguishing cases dealing with the substantive law of contracts, the panel held that rights and remedies under the Miller Act may not be conditioned by state law. Therefore, the limitation in California Business and Professions Code § 7031(a) on the right of a non-licensed contractor to maintain an action for collection of unpaid services does not apply to an action under the Miller Act.

### COUNSEL

J. Scott Scheper (argued), Jack R. Leer; Seltzer Caplan McMahon Vitek,  San Diego, California, for Plaintiff-Appellant Technica, LLC.

Robert J. Berens (argued), Adam D. Melton; Lewis Brisbois Bisgaard & Smith, LLP, Phoenix, Arizona, for Defendants-Appellees Carolina Casualty Insurance Company, Candelaria Corporation and Otay Group, Inc.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PAEZ, Circuit Judge:

In this Miller Act case, Technica, Inc. ("Technica"), a subcontractor on a federal construction project in California, appeals the grant of summary judgment to Candelaria Corporation ("Candelaria"), the prime contractor, and its surety Carolina Casualty Insurance Company ("CCIC"). *See* 40 U.S.C. §§ 3131–3134. At issue is whether the district court erred in concluding that because Technica was not a licensed California contractor as required by California law, it is precluded from pursuing its Miller Act claim for payments due under the subcontract. Reviewing the grant of summary judgment de novo, we conclude that the absence of California licensure does not bar this suit, and therefore reverse. *See McDonald v. Sun Oil Co.*, 548 F.3d 774, 778 (9th Cir. 2008).

## I.

This dispute stems from work performed in California on the ICE El Centro SPC - Perimeter Fence Replacement/Internal Devising Fence Replacement federal project ("Project"). Candelaria, the prime government contractor on the Project, provided a payment bond as required by the terms of the government contract and the Miller Act, and enlisted CCIC as its surety. In December 2007, Candelaria entered into a subcontract with Otay Group, Inc. ("Otay") to perform a portion of the work required under the prime contract. Shortly thereafter, Otay contracted with Technica to act as a sub-subcontractor on the Project.

Between late 2007 and June 2008, Technica provided $893,697.77 worth of labor, material and services to the Project. Technica submitted invoices to Otay and Candelaria for this work, but received only partial payments totaling $287,861.81. In June 2008, Candelaria terminated Otay's subcontract. In September 2008, Technica filed a complaint in district court invoking its rights under the Miller Act to recover outstanding amounts owed on the subcontract against the payment bond.

Candelaria and CCIC filed a motion for summary judgment, arguing that California's contractor licensing statute, California Business and Professions Code § 7031(a),[1] provided a complete defense to Technica's Miller Act claim. Section 7031(a) precludes any contractor from maintaining an action for collection of compensation for services if the contractor was not a licensed contractor during the performance of the contract. Candelaria and CCIC asserted that because Technica did not hold a California contractor's license and did not fit within the "labor provider" exception to the licensing requirement it could not maintain its Miller

---

[1] Section 7031(a) provides: "Except as provided in subdivision (e), no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract, regardless of the merits of the cause of action brought by the person . . . ." *See also Hydrotech Sys, Ltd. v. Oasis Waterpark*, 803 P.2d 370 (Cal. 1991) (en banc).

Act claim.**²**  *See Cal. Labor Pool, Inc. v. Westway Contractors, Inc.*, 61 Cal. Rptr. 2d 715 (Ct. App. 1997).  The district court, finding there was no dispute that Technica lacked a California contractor's license, concluded that California's contractor licensing law applied and that, because the labor provider exception did not apply, Technica could not pursue its Miller Act claim.

This appeal timely followed.**³**

## II.

The Miller Act is the modern-day remedy to the historical dilemma faced by contractors and materialmen denied compensation in federal construction projects.  The common law doctrine of sovereign immunity prevented liens against property of the federal government, and federal statutes only allowed those in privity of contract with the government to sue to enforce contractual rights.  *See* 28 U.S.C. § 1491; *United States v. Munsey Trust Co.*, 332 U.S. 234, 241 (1947).  Recognizing that other parties who contribute to the performance of a federal construction contract, including subcontractors, should in some way be assured payment of their claims, Congress enacted the Heard Act in 1894.  *See* Act of August 13, 1894, ch. 280, 28 Stat. 278, *amended by*

---

**²** Candelaria and CCIC also alleged that Technica's Miller Act claim was barred because Technica acted as a financer of Otay's labor costs and financers of labor may not pursue Miller Act claims. The district court did not address this argument in its summary judgment ruling and it was not raised by the parties on appeal. Accordingly, it is waived. *See Brookfield Commc'ns Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999).

**³** We have jurisdiction pursuant to 28 U.S.C. § 1291.

Pub. L. No. 58-100, ch. 778, 33 Stat. 811, *and* Pub. L. No. 61-476, ch. 238, 36 Stat. 1167.  In 1935, the Heard Act was repealed and the Miller Act enacted in its place.  *See* Pub. L. No. 74-321, ch. 642, 49 Stat. 793 (codified as amended at 40 U.S.C. §§ 3131–3134).

The Miller Act  requires a general contractor on a federal construction project to furnish a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. § 3133(b)(2).  It "represents a congressional effort to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protections they might receive under state statutes with respect to the construction of nonfederal buildings." *Mai Steel Serv. Inc. v. Blake Constr. Co.*, 981 F.2d 414, 416–17 (9th Cir. 1992) (quoting *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216 (1957)) (internal quotation marks omitted).   Under the Miller Act, any person who has furnished labor or material in carrying out work on a federal construction project and

> [who] has not been paid in full within 90 days after the day on which the person did perform the last of labor . . . may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

40 U.S.C. § 3133(b)(1).  The Miller Act explicitly extends to sub-subcontractors, like Technica, the right to file and prosecute an action against a prime contractor's payment bond.  *See* § 3133(b)(2) ("A person having a direct

contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond . . . .").  Because, the Miller Act provides Technica a federal cause of action, "the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law."  *F.D. Rich Co., Inc.*, *v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 127 (1974).  The Miller Act is highly remedial in nature, and "is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *Sherman*, 353 U.S. at 216 (quoting *Clifford F. MacEvoy Co. v. Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944)) (internal quotation marks omitted).

## III.

The question before us is whether California's contractor's licensing law restricts "the substance of the rights" afforded to Technica under the Miller Act.  Although this is a matter of first impression for our circuit, the Supreme Court, and the Eighth and Tenth Circuits, have held that rights and remedies under the Miller Act may not be conditioned by state law.  We conclude that their reasoning applies with equal force to this case.[4]

---

[4] Because we conclude the text of the Miller Act forecloses any argument that complying with state contractor licensing requirements is a condition to maintaining a Miller Act claim, we find it unnecessary to conduct a preemption analysis.  Accordingly, Candelaria and CCIC's argument that California's contractor licensing requirements are not preempted by the Federal Acquisition Regulations ("FARs"), 48 C.F.R. ch. 1, is irrelevant to the issue before us. Whether Technica's right to recover against the payment bond is barred by section 7031(a) turns on the

In *F.D. Rich*, the Supreme Court relied upon the federal interest in the uniform application of law in determining that state laws cannot be used to provide an award of attorneys' fees to a Miller Act claimant where such a right is not provided by federal law. 417 U.S. at 127–28. Reversing a ruling of this circuit, the Supreme Court held that, where there was no evidence of congressional intent to incorporate state law, the application of uniform federal law better served "[t]he reasonable expectations of [] potential litigants" under the Miller Act. *Id.* at 127. In particular, the Court noted "[m]any federal contracts involve construction in more than one State, and often, as here, the parties to Miller Act litigation have little or no contact, other than the contract itself, with the State in which the federal project is located." *Id.*

Following *F.D. Rich*, the Tenth Circuit concluded that state statutes cannot condition the rights available to a subcontractor under the Miller Act because state laws "do not condition or otherwise proscribe in any manner the right of the United States to institute and maintain in the United States Court for the use and benefit of a subcontractor an action against the prime contractor . . . ." *Hoeppner Constr. Co. v. United States ex rel. E.L. Mangum*, 287 F.2d 108, 110 (10th Cir. 1960). In *Hoeppner*, the Tenth Circuit considered a proffered defense to a Miller Act claim based on Colorado's requirement that a partnership record an affidavit with a county recorder's office identifying the names of the individual partners. *Id.* State law further provided that where the partnership failed to file such an affidavit, it could not maintain an action to collect debts. *Id.* Invoking this

---

rights afforded under the Miller Act and not whether the licensing requirements are preempted by the FARs.

procedural requirement, the surety argued that the United States could not maintain an action under the Miller Act on behalf of a subcontractor who had failed to file the affidavit. *Id.* The court rejected this defense, holding that the right to maintain an action under the Miller Act "does not have its source in the law of Colorado." *Id.* Accordingly, the state law filing requirements could not be used to limit subcontractor rights under the Miller Act. *Id.*

Similarly, in *Aetna Casualty & Surety Co. v. United States ex rel. R.J. Studer & Sons*, the Eighth Circuit held that a South Dakota statute forbidding enforcement of a contract on behalf of a foreign corporation could not be used to defeat a Miller Act claim by a joint venture that included a Montana corporation. 365 F.2d 997, 999–1000 (8th Cir. 1966). Acknowledging that the Miller Act "is highly remedial in nature," the court held that state statutes which restrict the rights of noncomplying parties "should not and will not be enforced by the federal courts in Miller Act cases." *Id.* at 1000; *see also United States ex rel. James F. O'Neil Co. v. Malan Constr. Corp.*, 168 F. Supp. 255, 258–59 (E.D. Tenn. 1958) (holding that application of a state law defense requiring a corporation to qualify itself in Tennessee "would be futile, and would defeat the purpose of the [Miller] Act, if, having created the right to a surety bond . . . the right so given were simultaneously nullified by application of the state law").

Although Candelaria and CCIC urge us to consider case law in this circuit that applies state law in Miller Act claims, these cases are distinguishable because they deal with the application of the substantive law of contracts and not the rights established by the Miller Act. For instance, in *Continental Casualty Co. v. Schaefer*, we held that

Washington's substantive law of contracts applied to an issue that "does not involve construction o[r] application of a federal statute," such as whether the parties had created an implied agreement in their contract to cover payment for additional work.  173 F.2d 5, 7 (9th Cir. 1949); *see also United States ex rel. Palmer Constr., Inc. v. Cal State Elec., Inc.*, 940 F.2d 1260, 1261 (9th Cir. 1991) (explaining that state law controls the interpretation of subcontracts in a Miller Act case); *United States ex rel. Leno v. Summit Constr. Co.*, 892 F.2d 788, 791–92 (9th Cir. 1989) (holding that while state law controls the calculation of damages under a Miller Act subcontract, claims arising under the Miller Act are not entitled to attorneys' fees under state law).

We therefore hold that the limitation in California Business and Professions Code § 7031(a) on the right of a non-licensed contractor to maintain an action for collection of unpaid services does not apply to an action under the Miller Act.  "Manifestly the federal rights affording relief . . . under a federally declared standard could be defeated if states were permitted to have the final say as to what defenses could and could not be properly interposed to suits under the Act."  *Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 361 (1952) (addressing state law defenses to claims under the Federal Employers' Liability Act).  Like the state restrictions on a foreign corporation's right to maintain a suit at issue in *Aetna Casualty & Surety Co.*, application of California's licensing statute as a defense to a Miller Act claim would, at best, condition the rights of a subcontractor on the procedural requirements of state law, and, at worst, result in the nullification of those rights entirely.  Neither result is in accordance with the remedial purposes of the Miller Act.

Moreover, as the Supreme Court has held, enforcement of state licensing requirements against Miller Act claims would wreak havoc on the uniform application of the Miller Act. *See F.D. Rich*, 417 U.S. at 127. Federal subcontractors routinely bid on projects throughout the country and often perform contracts that span multiple states. Requiring them to comply with contractor licensing requirements in any given state in which they may work is contrary to the intent of Congress in enacting the Miller Act, which was meant to reduce the substantive and procedural hurdles placed on federal subcontractors, labor providers and materialmen in seeking payment or wages denied to them. *See Sherman*, 353 U.S. at 216.

## IV.

For the above reasons, we reverse the district court's grant of summary judgment to Candelaria and CCIC. Because the California licensing requirement is not a defense to a claim under the Miller Act, we need not address whether Technica falls within the labor provider exception to the statute. *See Cal. Labor Pool, Inc.*, 61 Cal. Rptr. 2d 751.

**REVERSED AND REMANDED**.