**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH KWIECINSKI, | No. 16-35547 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01512-BR |
| v. | |
| MEDI-TECH INTERNATIONAL CORP., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 11, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,** District
Judge.

Joseph Kwiecinski (Kwiecinski) appeals from the district court's order

granting summary judgment to Medi-Tech International Corp. (Medi-Tech) on his

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

state law workers' compensation discrimination and wrongful discharge claims.[1]

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Kwiecinski does not challenge the district court's conclusion that Oregon's workers' compensation discrimination statute, Or. Rev. Stat. § 659A.040(1), protects only workers retaliated against for invoking Oregon's workers' compensation laws. Rather, he asserts that he invoked Oregon's workers' compensation system by reporting an injury to his supervisors at Medi-Tech and subsequently filing an application for workers' compensation in New York.

Oregon courts have held that "[t]o invoke the workers' compensation system for purposes of Or. Rev. Stat. § 659A.040(1), a claimant is not required to make a formal claim by giving written notice of an injury or disease." *Herbert v. Altimeter, Inc.*, 218 P.3d 542, 548 (Or. App. 2009). "'Invoke,' as used in Or. Rev. Stat. § 659A.040(1), includes, but is not limited to, a worker's reporting of an on-the-job injury or a perception by the employer that the worker has been injured on the job or will report an injury." *Id.* (quoting Or. Admin. R. 839–006–0105(7)).

Here, however, no rational jury could find that Medi-Tech believed that Kwiecinski intended to pursue benefits under Oregon's worker compensation scheme. The automobile accident at issue occurred in New York, not Oregon, and

---

[1] As the parties are familiar with the facts, we do not recount them here.

Kwiecinski testified that he spoke to Fortunato about filing a New York workers' compensation claim. Before his dismissal from Medi-Tech, Kwiecinski had reported his injury only to the New York Workers' Compensation Board. These circumstances do not present a genuine dispute of material fact about whether Kwiecinski invoked Oregon's workers' compensation laws. The district court therefore did not err in granting summary judgment to Medi-Tech on Kwiecinski's workers' compensation discrimination claim.

2. Kwiecinski does not assign error to the district court's ruling that the availability of a workers' compensation discrimination claim under New York law may preclude a wrongful discharge action under Oregon common law. Instead, he contends that he does not have a cause of action under New York Workers' Compensation Law § 120 because "the Oregon Workers' Compensation Board has determined that [he] is a worker subject to *Oregon's* Workers' Compensation Law, ORS chapter 656." This argument fails. Kwiecinski's eligibility for workers' compensation under Oregon law does not necessarily extinguish any claims he might have in New York. *See Thomas v. Wash. Gas Light Co.*, 448 U.S. 261, 285 (1980) (holding that "a State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental

compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance.").

Kwiecinski next asserts that New York law does not provide him a remedy adequate to displace his claim for wrongful termination. He alleges that New York's workers' compensation law denies plaintiffs a judicial forum and does not permit the recovery of compensatory and punitive damages for discrimination based on the filing of a workers' compensation claim.[2]

It is a "well-settled principle [in Oregon] that wrongful termination serves as 'an interstitial tort, designed to fill a remedial gap where a discharge in violation of public policy would be left unvindicated.'" *Olsen v. Deschutes Cty.*, 127 P.3d 655, 659 (Or. App. 2006) (citation omitted) (quoting *Dunwoody v. Handskill Corp.*, 60 P.3d 1135, 1139 (Or. App. 2003)). The tort is "available only in the absence of a remedy 'adequate to protect both the interests of society . . . and the interests of employees . . . .'" *Id.* (quoting *Brown v. Transcon Lines*, 588 P.2d 1087, 1095 (Or. 1978) (en banc)). The adequacy of remedies depends on the particular interests at stake. *See Holien v. Sears, Roebuck & Co.*, 689 P.2d 1292, 1303–04 (Or. 1984)

---

[2] Kwiecinski did not present this argument to the district court. Generally, "[t]he failure to raise the issue below waives it here." *United States ex. rel. Leno v. Summit Constr. Co.*, 892 F.2d 788, 791 n.3 (9th Cir. 1989). But because the district court nevertheless addressed the issue, we may consider it. *Citizens United v. FEC*, 558 U.S. 310, 323 (2010) (citation omitted).

(en banc); *Brown*, 588 P.2d at 1093–94; *Walsh v. Consol. Freightways, Inc.*, 563 P.2d 1205, 1208–09 (Or. 1977).

Here, New York's Workers' Compensation Law § 120 empowers the Workers' Compensation Board to restore an aggrieved employee to "employment or . . . to the position or privileges he or she would have had but for the discrimination . . . ." The employee may also recover lost compensation and attorney's fees. N.Y. Workers' Comp. Law § 120 (McKinney 2016). In "creat[ing] a 'general right to "compensation,"'" the New York Legislature "mad[e] a general statement that victims of discrimination should be made whole." *Matter of Greenberg v. N.Y.C. Transit Auth.*, 7 N.Y.3d 139, 143 (2006). The term "compensation" in New York's Workers' Compensation Law § 120 is therefore construed broadly to encompass both legal and equitable relief. *Id.* Moreover, decisions of the New York Workers' Compensation Board are subject to judicial review in the Appellate Division of the New York Supreme Court, Third Department. *See, e.g., Clark v. Gen. Elec. Corp.*, 412 N.Y.S.2d 60 (N.Y. App. Div. 1978). We are persuaded that these remedies are sufficient to displace a common law claim for wrongful termination.

The district court did not err in granting summary judgment to Medi-Tech on Kwiecinski's wrongful discharge claim.

5

**AFFIRMED.**