In the Matter of the Claim of PATRICIA MARCONI, Respondent, against ROBERT MARSHALL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 20, 1954.

*S. Chandler Fraser* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. The deceased employee died on November 7, 1944, and a third-party action was settled. There was a net recovery to the widow of $7,113.95. The Workmen's Compensation Board directed that the insurance carrier, an appellant here, be credited with the net settlement. The board suspended payments of compensation to the widow until the credit created by the settlement was exhausted, which, it was found, would be February 12, 1957, after which date compensation was to be paid.

The board computed as of October 9, 1947, the " present value of the deficiency compensation ", fixed this in the sum of $5,538.79, and directed the compensation carrier pay this amount into the Aggregate Trust Fund. This payment was made in due course on October 20, 1947.

On April 14, 1951, a date before the Aggregate Trust Fund would become liable for deficiency compensation and before the third-party settlement would have been exhausted, the widow remarried.

The board has denied the appellant's application for a refund of the amount paid into the Aggregate Trust Fund. We regard this decision correctly made. It is true, as appellant argues, that the purpose for which it was required to pay the computed deficiency into the fund contemplated the continued widowhood of claimant. But the direction to pay and the obligation to make payment became absolute on the basis of the expectancy of future events. The expectancy was seen and computed in 1947 when the amount of the third-party settlement was measured and compared with the total actuarial value of the award then being made.

The Aggregate Trust Fund assumed future risks and the appellant was relieved of them. It is the " present value " that is computed and is to be paid by the carrier (Workmen's Compensation Law, § 27, subd. 2) and upon such payment the carrier is " discharged " from " any further liability for payment " (subd. 3).

The risk thus lost by the carrier is taken up by the fund. If the widow remarries or dies, the liability of the fund is smaller; if she lives unmarried beyond the computed expectancy the liability of the fund is larger.

A determination which settles in the present events for the future does not depend on how those events occur, one way or another. The liability is fixed by the computation and matures on the direction to pay; and whether the third-party settlement is never used up because of earlier death or remarriage does not affect this kind of a liability.

This purpose becomes clearer when subdivision 4 of the section is read, which allows for subsequent adjustments between the fund and a carrier where changes in the award are made " for any reason other than because of subsequent death or remarriage ". What is such a change was considered in *Matter of Szuba* v. *Laub's Sons* (271 App. Div. 396, affd. 297 N. Y. 571).

The general pattern of the statutory plan is to be seen by comparing the volunteer firemen's cases (*Matter of Richter* v. *Town of Islip,* 276 App. Div. 42; *Matter of Doyle* v. *Town of North Hempstead,* 277 App. Div. 816), which have a similar basis. On the general rule of when the liability becomes fixed see *Matter of Goldstein* v. *Lackawanna Steel Constr. Corp.* (261 App. Div. 856).

The decision of the Workmen's Compensation Board should be affirmed, with costs.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Decision of the Workmen's Compensation Board affirmed, with costs.