[609 NYS2d 701]

Preferred Mutual Insurance Company, Respondent, v State of New York, Appellant.

Third Department, April 7, 1994

## APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(John McConnell* and *Nancy A. Speigel* of counsel), for appellant.

*Bower & Gardner,* New York City *(Gerry E. Feinberg* and *Jonathan Gardner* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

The sole issue presented on this appeal is whether an "advance premium cooperative insurer", organized under New York law and writing workers' compensation insurance, is obligated to make payments to the Workers' Compensation Security Fund (hereinafter the Fund) pursuant to Workers' Compensation Law § 108 (2). The Court of Claims decided the question in the negative and accordingly granted summary judgment in favor of claimant on its claim for reimbursement of sums that it had been required to pay into the Fund. The State appeals and we affirm.

Workers' Compensation Law § 108 (2) requires every "carrier" to pay into the Fund on a quarterly basis a sum equal to 1% of its net written premiums, less the amount of dividends paid to its policyholders for the period. "Carrier" is defined in Workers' Compensation Law § 106 to "mean[ ] a stock or mutual corporation or a reciprocal insurer, if such corporation or insurer is authorized to transact the business of workers' compensation insurance in this state, but not including any such corporation or insurer which is insolvent". It is undisputed that, although advance premium cooperative insurers have been authorized to issue workers' compensation insurance policies in this State since 1949 *(see,* former Insurance Law § 363 [1] [d], now Insurance Law § 6604 [a] [3]), they are not included within the definition of "carrier" in Workers' Compensation Law § 106. It is the State's position, however, that because the Legislature obviously intended that all insurers authorized to write workers' compensation insurance be required to contribute to the Fund, Insurance Law § 106 "should be interpreted liberally to effectuate its design and secure benefits to injured employees". We disagree.

It is a fundamental tenet of statutory construction that where a "statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' (McKinney's Cons Laws of NY, Book 1, Statutes,

§ 240)" *(Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209; *see, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345). Here, the Legislature's express inclusion of stock corporations, mutual corporations and reciprocal insurers within the definition of "carrier" manifests its intention that advance premium cooperative insurers be excluded. Even if, as contended by the State, the Legislature omitted advance premium cooperative insurers from the ambit of Workers' Compensation Law § 106 through oversight, it is for the Legislature and not the courts to remedy the omission *(see, Matter of Consolidated Mut. Ins. Co. [Arcade Cleaning Contrs.—Superintendent of Ins.],* 60 NY2d 1, 12; McKinney's Cons Laws of NY, Book 1, Statutes § 363).

We are also unpersuaded that Insurance Law § 6601 (b), stating that "the provisions of this chapter insofar as they are applicable to domestic mutual property/casualty insurance companies, shall * * * apply to co-operative property/casualty insurance companies", requires a different result. That section's express limitation to "the provisions of this chapter" precludes its application to the Workers' Compensation Law *(see, Matter of Schultz Mgt. v Board of Stds. & Appeals,* 103 AD2d 687, *affd* 64 NY2d 1057). Finally, the language of the statute being neither special nor technical, there is no reason for us to defer to the construction given it by the Superintendent of Insurance *(see, Matter of SIN, Inc. v Department of Fin.,* 71 NY2d 616, 620).

CARDONA, P. J., WHITE, CASEY and WEISS, JJ., concur.

Ordered that the order and judgment are affirmed, with costs.