JOHN DICKINSON, as Parent and Natural Guardian of ROBERT DICKINSON, an Infant, Respondent, v MICHAEL USCHOLD, Appellant. [782 NYS2d 303]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered May 23, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this personal injury action seeking damages for an injury sustained by his son Robert when defendant's dog jumped up toward Robert. Defendant moved for summary judgment dismissing the complaint on the ground that the dog did not have vicious propensities, submitting in support of the motion both his deposition testimony and

that of Robert's mother. Defendant testified that he and his nine-year-old daughter were walking their two dogs on leashes at a local park where Robert and three other children were playing. The children approached defendant, who was seated on a bench, and asked permission to pet the dogs. Robert, who was five years old, extended his hand toward one of the dogs and pulled it away at least twice. When he again extended his hand, the dog jumped up "a couple of inches at most" toward Robert and the dog and Robert "banged heads." Robert sustained a laceration above his right eye requiring stitches. Robert's mother did not observe the contact between Robert and the dog, but did observe that the dog was pulling on the leash in an effort to play with the children and was "jumping with [her] front legs up, kind of excited." She further testified that Robert told her that "the dog went to either lick him or to say hi in some way." Defendant testified that his dog interacted well with people, including children, and that she was "excitable" in that she "love[d] people." Defendant further testified that "occasionally" the dog would jump in an effort to interact with people. Defendant testified that neither of his dogs had ever bitten or attempted to bite anyone. Defendant testified that the dog did not bite Robert, nor did she growl, bark or knock him down. Supreme Court denied the motion, and defendant appealed.

We conclude that defendant established his entitlement to judgment as a matter of law, and that plaintiff failed to raise an issue of fact sufficient to defeat defendant's motion. Although "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier v Zambito*, 1 NY3d 444, 447 [2004]; *see Pollard v United Parcel Serv.*, 302 AD2d 884, 884-885 [2003]; *Anderson v Carduner*, 279 AD2d 369, 369-370 [2001]), "[t]here [is] no evidence that the dog's behavior was ever threatening or menacing. Indeed, the dog's actions . . . are consistent with normal canine behavior" (*Collier*, 1 NY3d at 447). Thus, we conclude that the court erred in denying defendant's motion, and we therefore reverse the order, grant the motion and dismiss the complaint. Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.