[900 NYS2d 156]

In the Matter of the Claim of MICHAEL TURDO, Deceased, Claimant, v DELLICATO VINEYARDS et al., Respondents, and NEW YORK STATE INSURANCE DEPARTMENT LIQUIDATION BUREAU, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 1, 2010

### APPEARANCES OF COUNSEL

*Rothstein & Tufo, P.C.*, Commack (*Daniel A. Tufo* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, New York City (*Estelle Kraushar* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

SPAIN, J.P.

Claimant died in 2003 and his widow was awarded death benefits after a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant's death was causally related to a 1999 work-related automobile accident. The WCLJ directed that the New York State Insurance Department Liquidation Bureau—which had assumed liability for the claim following the liquidation of the original carrier—deposit the present value of any unpaid death benefits into the Aggregate Trust Fund (hereinafter ATF) pursuant to Workers' Compensation Law § 27. The sole issue on these appeals is whether the Workers' Compensation Board properly upheld the WCLJ's decision directing that the Liquidation Bureau make a deposit into the ATF.[1]

The ATF was created to ensure that "widows and widowers will continue to receive their benefits in the event that . . . insurance carriers become insolvent, go out of business or in any other way become incapable of continuing to make compensation payments" (Mem of St Exec Dept, 1983 McKinney's Session Laws of NY, at 2536; *see Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672, 674 [2001]). Accordingly, when workers' compensation death benefits are awarded, the Board has discretionary authority—or is mandated, depending on the circumstances—to direct the liable insurance carrier or employer to make payment of the present value of the award into the ATF (*see* Workers' Compensation Law § 27 [2]; *see Employer: Princeton Laundry [Carrier: Pennsylvania Gen. Ins. Co.]*, 2009 WL 4920425, *3-4, 2009 NYWCLR [LRP] LEXIS 254, *9-11 [WCB No. 00452144, June 22, 2009]). After the carrier has made

---

1. The administrative review process resulted in two Board decisions, both of which affirmed that portion of the WCLJ's determination directing that the Liquidation Bureau make a deposit into the ATF.

such a deposit, it is relieved of liability and the ATF assumes responsibility for all future payments to the beneficiary (see Workers' Compensation Law § 27 [3]).

Specifically, Workers' Compensation Law § 27 (2) provides that where death benefits are to be paid *"by an insurance carrier or employer* in periodical payments, the [B]oard *may*, in its discretion, at any time, any provision of this chapter to the contrary notwithstanding, compute and permit or require to be paid into the [ATF] an amount equal to the present value of all unpaid death benefits" (emphases added). By contrast, the statute provides that in the case of "death benefits [payable] *by an insurance carrier which is a stock corporation or mutual association*, . . . the [B]oard *shall* immediately compute the present value thereof and require payment of such amount into the [ATF]" (Workers' Compensation Law § 27 [2] [emphases added]). The Board has a body of precedent holding that the Liquidation Bureau is not a "stock corporation or mutual association" (see *Employer: Jewish Home & Hosp.*, 2009 WL 771103, *2, 2009 NY Wrk Comp LEXIS 6490, *5 [WCB No. 09842459, Mar. 13, 2009]; see *Employer: William & Linda Maxwell*, 2008 WL 4488758, *1, 2008 NY Wrk Comp LEXIS 9121, *2 [WCB No. 60202149, Sept. 30, 2008]; *Employer: Temco Bldg. Servs.*, 2008 WL 4292436, *1, 2008 NY Wrk Comp LEXIS 8968, *2 [WCB No. 00021038, Sept. 11, 2008]). Here, however, the Board nevertheless specifically held that the Liquidation Bureau is "subject to a mandatory deposit into the ATF," and that its prior decisions to the contrary "failed to adequately analyze the legal role served by the Liquidation Bureau as a receiver for private insurance carriers that are stock corporations or mutual associations."

Although the Board sets forth a rational argument for its change of position, pointing out that the Liquidation Bureau "stands in the shoes" of the insolvent insurer (*Matter of Dinallo v DiNapoli*, 9 NY3d 94, 103 [2007]; see *Bohlinger v Zanger*, 306 NY 228, 234 [1954]), and asserting that it should thus be subject to the same requirements that the insolvent insurer faced, our review of the statutory language at issue persuades us that the Legislature has left no room to find that the Liquidation Bureau is subject to the mandatory deposit requirements of Workers' Compensation Law § 27. "[W]here a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Mc-

Kinney's Cons Laws of NY, Book 1, Statutes § 240; *see Preferred Mut. Ins. Co. v State of New York*, 196 AD2d 384, 385-386 [1994]). Here, despite over 50 years of judicial recognition regarding a liquidator's role in supplanting an insolvent insurer (*see Bohlinger v Zanger*, 306 NY at 234), and despite recent amendments to the statute (*see* L 2007, ch 6), its enunciated applicability has remained limited to insurance carriers that are stock corporations or mutual associations. Simply put, whether or not the Liquidation Bureau is considered a state agency (*see Matter of Dinallo v DiNapoli*, 9 NY3d at 103),[2] it is not a stock corporation or mutual association and, thus, under the plain language of the statute, is not one of the "mandatory type cases" described therein (Workers' Compensation Law § 27 [2]).

Nevertheless, although the Board was not mandated to direct the Liquidation Bureau to make the ATF deposit, as discussed above, Workers' Compensation Law § 27 (2) gives the Board discretion to direct any "insurance carrier" to make a deposit into the ATF, "any provision of this chapter to the contrary notwithstanding" (Workers' Compensation Law § 27 [2]). The Workers' Compensation Law defines "insurance carrier" to include "the state fund, stock corporations, mutual corporations or reciprocal insurers" (Workers' Compensation Law § 2 [12]). This definition also has been interpreted as including self-insurers and group self-insurers (*see* 12 NYCRR 315.2 [f]; 317.4 [a] [7] [iii]; *Employer: Con. Edison*, 2005 WL 1875897, *2, 2005 NY Wrk Comp LEXIS 6682, *3 [WCB No. 00235711, Aug. 4, 2005]). In distinguishing discretionary from mandatory cases, the Board has stated that it *may* direct deposits into the ATF in those "death cases not involving a stock corporation or mutual association" (*Employer: Princeton Laundry [Carrier: Pennsylvania Gen. Ins. Co.]*, 2009 WL 4920425, *3, 2009 NYWCLR [LRP] LEXIS 254, *10). Given the absence of limiting language in the

---

**2.** The Liquidation Bureau's primary argument on appeal—that its status as a state agency renders it not subject to Workers' Compensation Law § 27 (2)—is unhelpful. Fairly recent authority by the Court of Appeals clearly states that, unlike state agencies that perform proprietary or governmental functions for the state, the Liquidation Bureau "runs the day-to-day operations of private businesses in liquidation pursuant to Supreme Court order. [It] is not part of the Insurance Department's budget, operates without the benefit of state funds, maintains its own errors and omissions coverage, and is represented by its own private counsel" (*Matter of Dinallo v DiNapoli*, 9 NY3d at 103, 98; *see Matter of Knickerbocker Agency [Holz]*, 4 NY2d 245, 251 [1958]). Accordingly, at least within the ambit of the State Finance Law, the Court of Appeals has held that the Liquidation Bureau is not a "state agency" (*Matter of Dinallo v DiNapoli*, 9 NY3d at 103).

statute for discretionary cases, we find this broad interpretation of the Board's discretionary power to be rational. However, as the Board specifically premised its holding in this matter on the finding that this was a mandatory type case, we render no decision on whether it would have been appropriate for the Board to exercise its discretionary power. Therefore, we must remit the matter for the Board's consideration of the discretionary issue.

ROSE, KAVANAGH, STEIN and EGAN JR., JJ., concur.

Ordered that the decisions are modified, without costs, by reversing so much thereof as ruled that the New York State Insurance Department Liquidation Bureau is required to make a deposit into the Aggregate Trust Fund; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.