■ In the Matter of the Claim of JOCELYN LOIS PROULX, Claimant, v BURNETT PROCESS et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. In the Matter of the Claim of PATRICIA A. JENKS, Claimant, v DELUXE CHECK PRINTING DIVISION et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. In the Matter of the Claim of MARTHA E. GARCIA, Respondent, v WINGS DIGITAL CORPORATION et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. In the Matter of the Claim of LAURIE MARTIN, Claimant, v ANCHOR GLASS CONTAINER et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 177]—

Egan Jr., J. Appeals from four decisions of the Workers' Compensation Board, filed May 6, 2009, May 8, 2009 and August 12, 2009, which, among other things, directed each of the employers' workers' compensation carriers to make a deposit into the aggregate trust fund pursuant to Workers' Compensation Law § 27 (2).

Both Workers' Compensation Law § 15 (3) (w) and § 27 (2) were amended in 2007. The amendment to section 15 (3) (w) places a cap on the number of weeks for which a claimant can receive that subdivision's non-schedule permanent partial disability (hereinafter PPD) benefits, but the cap on benefits only applies when a claimant's injury arises out of an accident occurring after March 13, 2007—the effective date of the amendment (*see* L 2007, ch 6, §§ 4, 82 [a]). Thus, as relevant here, PPD awards based on accidents occurring prior to March 13, 2007 remain uncapped. The amendment to section 27 (2), meanwhile, requires that any PPD award under Workers' Compensation Law § 15 (3) (w) made on or after July 1, 2007 be paid into the aggregate trust fund (hereinafter ATF) (*see* L 2007, ch 6, § 46).

In the four cases here, each claimant suffered a compensable injury in an accident that occurred before March 13, 2007, but each such injury was not classified as a PPD until after July 1, 2007. Consequently, when the resultant uncapped PPD awards were made, the private insurance carriers for claimants' employers were ordered to make lump-sum payments of the present value of each award into the ATF pursuant to the amendment to Workers' Compensation Law § 27 (2). Claiming that the mandatory deposit provisions of that amendment were improperly applied retroactively to claimants' injuries because those injuries were sustained before the amendment's effective date, the carriers sought review by the Workers' Compensation Board. The carriers also argued that mandating lump-sum payment of

claimants' uncapped PPD awards is improper because the actual amounts of their future benefits are inherently speculative. One carrier likewise asserted that Workers' Compensation Law § 27 (2) violates its constitutional equal protection rights. Ultimately, after applying the presumption of constitutionality, the Board found the language of section 27 (2) as amended to be unambiguous and to evince a clear intent to require payment into the ATF of all Workers' Compensation Law § 15 (3) (w) awards made after July 1, 2007, regardless of the date of injury. The employers and their private insurance carriers (hereinafter collectively referred to as carriers) appeal.

We affirm. Preliminarily, in circumstances identical to those presented here, we have recently ruled that Workers' Compensation Law § 27 (2) does not violate a private carrier's equal protection rights under the 14th Amendment of the US Constitution (*Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697, 701-702 [2010]). Nor are we persuaded that these cases present an issue as to the retroactive application of the amendment to Workers' Compensation Law § 27 (2). Indeed, "where the language of a statute is clear there is little room to 'add to or take away from that meaning' " (*Jones v Bill*, 10 NY3d 550, 555 [2008], quoting *Tompkins v Hunter*, 149 NY 117, 123 [1896]). Here, the statute expressly requires that the Board compute the present value of a PPD award made after July 1, 2007 and direct that the liable carrier deposit such an amount into the ATF (*see* Workers' Compensation Law § 27 [2]). Accordingly, because "the starting point in any case of [statutory] interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]), "the relevant date for the application of the amendment to Workers' Compensation Law § 27 (2) is the date of the award and not the date of the accident" (*Matter of Collins v Dukes Plumbing & Sewer Serv.*, 75 AD3d at 700). Each of the awards at issue here was made after July 1, 2007 and, thus, the Board properly applied its mandate prospectively (*see id.*; *Matter of Parkhurst v United Rentals Aerial Equip., Inc.*, 75 AD3d 702, 704 [2010]).

The carriers' contention that the Board's calculation of a claimant's future benefits—as it pertains to a mandatory deposit based on an uncapped PPD award—is inherently speculative or arbitrary and capricious is similarly unavailing. "While the future benefits to which claimants will be entitled may increase or decrease depending on a number of variables, those variables are omitted from the calculation by the Legislature's policy decision to use present value" (*Matter of Collins v Dukes*

*Plumbing & Sewer Serv.*, 75 AD3d at 700; *accord Matter of Parkhurst v United Rentals Aerial Equip.*, 75 AD3d at 705). Moreover, the Board's calculations cannot be said to be arbitrary or capricious because it is legislatively mandated to compute the present values of claimants' awards (*see Matter of Baust v Levitt*, 50 AD2d 627, 628 [1975], *lv denied* 38 NY2d 708 [1976]). Finally, given the Board's lack of discretion in this regard, these cases are distinguishable from *Burns v Varriale* (9 NY3d 207 [2007]) and *Matter of Pettinelli v Degnon Contr. Co.* (218 App Div 7 [1926]).

The carriers' remaining arguments, to the extent not specifically addressed herein, have been reviewed and are determined to be without merit.

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decisions are affirmed, without costs.