■ In the Matter of the Claim of HARVEY HARDY, Claimant, v TRICO et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 1.) In the Matter of the Claim of LARRY J. SALGY, Claimant, v HALSTED COMMUNICATIONS et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 2.) [916 NYS2d 311]—

Rose, J. Appeals from two decisions of the Workers' Compensation Board, filed May 22, 2009 and December 28, 2009, which directed each of the employers' workers' compensation carriers to make a deposit into the aggregate trust fund pursuant to Workers' Compensation Law § 27 (2).

Claimants in the present cases sustained work-related injuries that were ultimately found to constitute permanent partial disabilities. As the injuries themselves occurred prior to a 2007 amendment to Workers' Compensation Law § 15 (3) (w), there is no "cap on the number of weeks for which . . . claimant[s]

can receive that subdivision's non-schedule permanent partial disability . . . benefits" (*Matter of Proulx v Burnett Process*, 77 AD3d 1036, 1037 [2010]). The permanent partial disability awards, however, were made on or after July 1, 2007, requiring the employers' workers' compensation carriers to pay the full amount of those awards into the aggregate trust fund (*see* Workers' Compensation Law § 27.[2]; *Matter of Proulx v Burnett Process*, 77 AD3d at 1037). The Workers' Compensation Board accordingly directed that the carriers make that payment in both cases, and the employers and their carriers appeal.

As we have previously considered and rejected the challenges made by the employers and carriers to the relevant provisions of the Workers' Compensation Law, we affirm (*see Matter of Proulx v Burnett Process*, 77 AD3d at 1038-1039; *Matter of Parkhurst v United Rentals Aerial Equip., Inc.*, 75 AD3d 702, 704-705 [2010], *lvs granted* 15 NY3d 712 [2010]; *Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697, 698-702 [2010], *lvs granted* 15 NY3d 713, 891 [2010]). We decline the invitation of the employers and carriers to revisit those arguments.

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.