■ In the Matter of the Claim of ANTHONY P. MESSINA, Respondent, v HUDSON NEWS COMPANY et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 337]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 2010, which directed the employer's workers' compensation carrier to make a deposit into the aggregate trust fund pursuant to Workers' Compensation Law § 27 (2).

Claimant sustained a work-related injury in 2004, and was found to suffer from a marked permanent partial disability in 2009. As his injury predated a 2007 amendment to Workers' Compensation Law § 15 (3) (w), there is no "cap on the number of weeks for which [he] can receive that subdivision's non-schedule permanent partial disability . . . benefits" (*Matter of*

*Proulx v Burnett Process*, 77 AD3d 1036, 1037 [2010]; *see* L 2007, ch 6, §§ 4, 82 [a]). The award itself was made on or after July 1, 2007, however, and Workers' Compensation Law § 27 (2) requires that the employer's workers' compensation carrier pay the award's full amount into the aggregate trust fund (*see* L 2007, ch 6, § 46; *Matter of Proulx v Burnett Process*, 77 AD3d at 1037). The Workers' Compensation Board accordingly directed that the carrier make that payment, and the employer and carrier appeal.

We affirm. We have previously considered and rejected the majority of the challenges made by the employer and carrier to the relevant provisions of the Workers' Compensation Law (*see Matter of Proulx v Burnett Process*, 77 AD3d at 1038; *Matter of Parkhurst v United Rentals Aerial Equip., Inc.*, 75 AD3d 702, 704-705 [2010], *lvs granted* 15 NY3d 712 [2010]; *Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697, 698-702 [2010], *lv granted* 15 NY3d 713 [2010], *appeal dismissed and lv granted* 15 NY3d 891 [2010]). Notwithstanding the urging of the employer and carrier, we do not discern any relevant factual distinctions between those earlier cases and the present one.

The remaining arguments of the employer and carrier have been reviewed and found to be without merit.

Peters, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.