■ In the Matter of the Claim of WAYNE BOUYEA, Claimant, v McLANE NORTHEAST, Respondent, and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA c/o CHARTIS CLAIMS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 746]—

Egan Jr., J.

Claimant suffered compensable injuries to his right shoulder and lower back on December 29, 2000 and March 4, 2002. Thereafter, on August 31, 2009, claimant was classified as permanently partially disabled. As his injuries predated the 2007 amendment to Workers' Compensation Law § 15 (3) (w), there is no cap on the number of weeks for which he can receive non-schedule permanent partial disability benefits (see Matter of Proulx v Burnett Process, 77 AD3d 1036, 1037 [2010]). However, inasmuch as the award itself was made after July 1, 2007, the employer's workers' compensation carrier was directed to make a lump-sum deposit into the aggregate trust fund in an amount equal to the present value of all unpaid benefits plus administrative costs (see id.). The carrier sought review by the Workers' Compensation Board, which found that the direction to make a deposit into the aggregate trust fund was consistent with the relevant statutory language. This appeal ensued.

We affirm. As the carrier acknowledges, we have previously considered and rejected the challenges made here to the relevant provisions of the Workers' Compensation Law (see id. at 1038-1039; Matter of Parkhurst v United Rentals Aerial Equip., Inc., 75 AD3d 702, 704-705 [2010], lvs granted 15 NY3d 712 [2010]; Matter of Collins v Dukes Plumbing & Sewer Serv., Inc., 75 AD3d 697, 698-702 [2010], lvs granted 15 NY3d 713, 891 [2010]).

Spain, J.P., Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.