■ In the Matter of the Claim of TAMMY APPLEY, Claimant, v AMERICAN FOOD et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [919 NYS2d 601]—

Mercure, J.P.

Claimant sustained a work-related injury in 2003 that was not classified as a permanent partial disability until six years later. Pursuant to amendments to the Workers' Compensation Law in 2007, a Workers' Compensation Law Judge (hereinafter WCLJ) directed the employer's workers' compensation carrier to deposit the present value of claimant's uncapped benefit award into the aggregate trust fund (see Workers' Compensation Law § 27 [2]; *Matter of Proulx v Burnett Process*, 77 AD3d 1036, 1037-1038 [2010]; *Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697, 698-700 [2010], appeal dismissed and lv granted 15 NY3d 891 [2010], lv granted 15 NY3d 713 [2010]). The employer and carrier (hereinafter collectively referred to as the employer) appealed, arguing that deposits

into the aggregate trust fund should not be required when the injury occurred prior to the 2007 amendments to the statute. The Workers' Compensation Board affirmed in September 2009 and, the following day, the WCLJ issued a supplemental decision specifying that the amount of the lump-sum payment to be made was $111,182.53.

The employer then sought review of the WCLJ's supplemental decision, making arguments identical to those raised in its first appeal. The Board again rejected the employer's arguments and, in addition, penalized the employer for pursuing "a frivolous appeal." The employer now appeals, arguing that the Board erred in imposing a penalty. We agree.

Upon an employer's or a carrier's appeal from a WCLJ decision, the Board is directed to impose a penalty if it "find[s] that such notice of appeal was served or such application was made for the purpose of delay or upon frivolous grounds" (Workers' Compensation Law § 23). Here, the employer appealed to this Court from the Board's September 2009 decision,* and asserts that if it had not sought immediate Board review of the WCLJ's supplemental decision, it would have been required to make the lump-sum payment of $111,182.53 into the aggregate trust fund during the pendency of its appeal to this Court. The Board responds that the employer's position is legally incorrect because the employer's notice of appeal from the September 2009 decision resulted in a statutory stay of the direction to make an aggregate trust fund deposit during the pendency of the appeal despite the WCLJ's issuance of the supplemental decision.

In that regard, we note that Workers' Compensation Law § 23 provides that where an "award is subject to the provisions of section [27] of this article, the appellant shall pay directly to the claimant all compensation *as it becomes due* during the pendency of the appeal" (emphasis added). Relying on that language, the Board has clarified that carriers are not required to deposit the present value of an award into the aggregate trust fund—as opposed to making payments directly to the claimant as compensation becomes due—during the pendency of an appeal to this Court from a Board decision directing such a lump-sum payment (*see Employer: Goodwill Indus. of W.*, 2010 WL 3317189, *3, 2010 NY Wrk Comp LEXIS 7275, *6-7 [WCB No. 8010 6462, Aug. 24, 2010]; *Employer: Charmers*, 2009 WL 4275383, *1-2, 2009 NY Wrk Comp LEXIS 15723, *2-3 [WCB No. 0020 2953, Nov. 20, 2009]). That clarification, however,

---

* The employer evidently filed a timely notice of appeal from the Board's September 2009 decision, but failed to perfect the appeal.

postdates the administrative appeal from the WCLJ's supplemental decision herein. Under these circumstances, we conclude that, while the employer's rationale for appealing the WCLJ's supplemental decision may have lacked merit, its conclusion that it was required to take a second administrative appeal in order to preserve its rights was not "frivolous." Accordingly, that part of the Board's decision assessing a penalty must be reversed.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as imposed a penalty against the employer's workers' compensation carrier pursuant to Workers' Compensation Law § 23, and, as so modified, affirmed.