In the Matter of Estate of ALAN M. BECKER SR., Deceased, Respondent, v RAULI & SONS, INC., et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 108]—

Peters, J.P.

---

* Executive Law former § 259-j (3-a) was recently replaced by Correction Law § 205 (4) (*see* L 2011, ch 62, part C, subpart A, §§ 32, 38-g, 49).

Alan M. Becker Sr. (hereinafter decedent) was found to have a permanent total disability due to work-related upper body ailments, and was awarded workers' compensation benefits. A Workers' Compensation Law Judge directed the employer's workers' compensation carrier to deposit the present value of all unpaid benefits into the aggregate trust fund by February 2009 (*see* Workers' Compensation Law § 27 [2]). The carrier did not appeal from that direction, nor did it make the required deposit; instead, it continued to make payments directly to decedent. After he died in August 2009, the carrier sought to be relieved of its obligation to make the deposit. The Workers' Compensation Board declined to do so and directed that the deposit be made with interest, and the employer and carrier now appeal.

The employer and carrier do not dispute that the carrier's "liability [was] fixed by the computation and mature[d] on the direction to pay," and that it accordingly remained obliged to make a deposit into the aggregate trust fund despite decedent's death (*Matter of Marconi v Marshall*, 284 App Div 728, 730 [1954]). Instead, they contend that the Board's refusal to absolve the carrier of that obligation constituted an unexplained departure from prior precedent (*see Employer: Applied Elec. Corp.*, 2001 WL 1017456, 2001 NY Wrk Comp LEXIS 93524 [WCB No. 0833 6389, July 11, 2001]). Specifically, the prior case involved a self-insured employer that made all death benefit payments to a claimant-widow until her death, notwithstanding an order 11 years earlier to make a deposit with the aggregate trust fund (*see Employer: Applied Elec. Corp.*, 2001 WL 1017456, *2, 2001 NY Wrk Comp LEXIS 93524, *3). In that case, however, the Board had mistakenly advised the employer to disregard the deposit order, the aggregate trust fund made no attempt to enforce it for almost eight years, and the extensive delay resulted in the employer paying out more in benefits than the ordered deposit amount (*see Employer: Applied Elec. Corp.*, 2001 WL 1017456, *1-3, 2001 NY Wrk Comp LEXIS 93524, *2, 6, 9-10). In contrast, the deposit order here was indisputably valid, the carrier did not make unduly large benefit payments to decedent in the brief period between the order and his death, and the Board emphasized that the carrier had not adequately explained its failure to make the deposit. Inasmuch as the prior decision was not based upon "essentially the same facts" as those presented here, the Board was not required to expressly distinguish it (*Matter of Teal v Albany Capitaland Enters.*, 259 AD2d 859, 860 [1999], *lv dismissed* 93 NY2d 1041 [1999]; *see Matter of Feliciano v New York City Health & Hosps. Corp.*, 65 AD3d 784, 785 n [2009]).

We have reviewed the remaining contentions and find them to be without merit.

Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.