Kavanagh, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 3, 2010, which ruled that the workers’ compensation carrier is entitled to a refund of $64,540.56 from the aggregate trust fund.
After decedent’s death was determined to be causally related to his employment, the employer’s workers’ compensation carrier was directed to deposit into the aggregate trust fund (hereinafter ATF) $225,231.58, which reflected the present value of the compensation awarded to the beneficiaries. The commutation date was June 28, 2001, however, the carrier withheld payment and instead paid the beneficiaries directly while pursuing appeals to the Workers’ Compensation Board and to this Court (27 AD3d 794 [2006], lv denied 7 NY3d 717 [2006]; 302 AD2d 696 [2003]). After the award was ultimately affirmed, a Workers’ Compensation Law Judge directed the carrier to pay the deposit with the ATF as previously calculated, and also directed the ATF to refund the appropriate amount based upon the carrier’s prior payments to the beneficiaries. On March 29, 2010, the carrier deposited $225,231.58 with the ATF. Following an actuarial computation of $118,800 in interest dating back to the June 2001 commutation date, and an offset of $182,800 reflecting the carrier’s payments to the beneficiaries, a WCLJ issued a decision ruling that a $64,540 refund was due to the carrier, which was affirmed by a panel of the Board. The carrier and the employer (hereinafter collectively referred to as the carrier) now appeal.
We affirm. The carrier claims that it should not be required to pay interest on the $225,231.58 deposit and instead should be refunded the full $182,800 it paid to the beneficiaries. However, the original deposit reflected an actuarially-discounted sum that assumed that the ATF would earn interest on the $225,231.58 deposit from the commutation date forward. Instead, the carrier retained use of those funds for more than eight years while the *1116 various administrative and judicial appeals were litigated. To now relieve the carrier of paying interest from the commutation date forward would result in a windfall to the carrier, and would also result in the ATF having insufficient funds available to cover the projected life expectancy of the remaining beneficiary (see 12 NYCRR 393.2). Furthermore, the 6% interest rate applied to the late payment appropriately reflects the 6% discount rate used to calculate the original deposit (see Workers’ Compensation Law § 27 [5]). The carrier’s remaining arguments have been considered and found to lack merit.
Peters, EJ., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.