■ In the Matter of the Claim of ANTHONY P. MESSINA, Respondent, v HUDSON NEWS COMPANY et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [958 NYS2d 545]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed November 25, 2011, which, among other things, directed the employer's workers' compensation carrier to make a deposit into the aggregate trust fund pursuant to Workers' Compensation Law § 27 (2).

Claimant sustained a work-related permanent partial disability and, due to the timing of his injury and the award arising out of it, the Workers' Compensation Board directed that the full amount of that award be deposited into the aggregate trust fund (hereinafter the ATF) pursuant to Workers' Compensation Law § 27. The employer's workers' compensation carrier was not required to make the deposit "during the pendency of an appeal to this Court from a Board decision directing such a lump-sum payment" (*Matter of Appley v American Food*, 82 AD3d 1563, 1564 [2011]), and the employer and carrier (hereinafter collectively referred to as the employer) did so appeal. We affirmed the Board's decision (81 AD3d 1068 [2011], *appeal*

*dismissed* 17 NY3d 922 [2011]). However, when further proceedings continued, and in response to a request by claimant that the employer be required to comply with the ATF direction, the employer argued that it was not required to make the deposit until all avenues of review of this Court's decision had been exhausted. In a November 25, 2011 decision, the Board disagreed and found, among other things, that the employer was required to make the ATF deposit. The employer now appeals from that decision.

At the time of the Board's November 2011 decision, the employer had filed an appeal as of right of this Court's prior decision to the Court of Appeals (*see* CPLR 5601 [b] [1]). That appeal has since been dismissed (17 NY3d 922 [2011]). No leave to appeal was ever sought (*see* CPLR 5602), and the time to do so has expired (*see* CPLR 5513 [b]). Inasmuch as the employer has now exhausted all avenues of appeal, we conclude that the Board properly required the employer to make a deposit into the ATF based upon this Court's prior decision, and its November 2011 decision requiring the employer to do so must be affirmed.

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, with costs.