*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 4, 2014                    517975
_____

In the Matter of the Claim of
    SHARON MONAHAN, Deceased,
                    Claimant,

        v

FOUNDERS PAVILION, INC.,
    et al.,                              MEMORANDUM AND ORDER
                    Appellants,
        and

AGGREGATE TRUST FUND,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   October 15, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

                    _____


        Weiss, Wexler & Wornow, PC, New York City (Lauren M. Bilasz
of counsel), for appellants.

        William O'Brien, State Insurance Fund, Albany (Nancy W.
Wood of counsel), for Aggregate Trust Fund, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.


                    _____

Lahtinen, J.P.

Appeal from a decision of the Workers' Compensation Board, filed March 7, 2013, which, among other things, directed the employer's workers' compensation carrier to make a deposit into the aggregate trust fund pursuant to Workers' Compensation Law § 27 (2).

A work-related injury in 2006 resulted in a Workers' Compensation Law Judge (hereinafter WCLJ) classifying claimant in 2009 as having a permanent partial disability and directing the workers' compensation carrier to make a deposit into the aggregate trust fund (hereinafter ATF) (see Workers' Compensation Law § 27 [2]). An administrative appeal by the employer and carrier (hereinafter collectively referred to as the carrier) was unsuccessful, as the Workers' Compensation Board affirmed the WCLJ on December 28, 2009. That same day, the WCLJ rendered a supplemental decision setting the ATF deposit at $127,241.44 payable by March 17, 2010. While appeals were pending from those decisions,[1] claimant died in April 2010 from causes unrelated to the underlying injury. The carrier then requested that the decisions directing it to make a lump-sum payment to the ATF be rescinded because of claimant's death. The Board upheld the decision by a 2 to 1 vote. Because there was a dissent, the carrier was entitled to and sought full Board review. The full Board affirmed the relevant decisions and imposed a frivolous appeal penalty on the carrier of $500. The carrier now appeals.

The carrier initially argues that it should not have to make the payment into the ATF because claimant died at a time when a stay on that payment was in effect and her death extinguished the carrier's future financial obligation regarding the claim. As a general principle, the obligation to pay the lump sum into the ATF is fixed once the carrier is directed to pay it (see Matter of Becker v Rauli & Sons, Inc., 88 AD3d 1040, 1041 [2011]; Matter of Marconi v Marshall, 284 App Div 728, 730

---

[1]  The Board's decision was appealed to this Court but was not perfected, and the WCLJ's supplemental decision was appealed to the Board.

[1954]).  During the time that an appeal is pending regarding the lump-sum payment, the carrier is not required to pay the amount so long as it is — as here — making timely payments to the claimant as compensation becomes due (see Workers' Compensation Law § 23; Matter of Appley v American Food, 82 AD3d 1563, 1564 [2011]).  However, if the carrier ultimately loses its appeal and the award directing payment into the ATF is affirmed, Workers' Compensation Law § 27 (4) provides for payment of the lump sum "as of the effective date of the original award" plus interest, and adds that "[t]he foregoing provision shall apply in the event of such review or appeal regardless of whether the widow or widower or other parties in interest have died or the widow or widower remarried subsequent to the date as of which the present value of the original award was computed" (emphasis added).  The language of the statute is consistent with the conclusion that, if the carrier's appeal is unsuccessful, then the obligation to pay a lump sum into the ATF remains in effect as of the date that payment was directed regardless of whether the claimant died during the time the appeal was pending (see generally Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).

The Board was not required, as alternatively urged by the carrier, to recalculate the amount of its payment into the ATF in light of payments that the carrier had made to claimant.  The carrier's payments to claimant during the pendency of the appeal are accounted for and an adjustment provided by a credit in the statute (see Workers' Compensation Law § 27 [4]; see also Matter of Flynn v Managed Care, Inc., 100 AD3d 1115, 1115 [2012]).

Finally, we find merit in the carrier's argument that there was no basis for determining that its appeal to the full Board was frivolous.  The issue regarding the effect on the lump-sum payment of claimant's death while an appeal was pending generated a dissent from the Board, and the law was not so well settled as to support the conclusion that the carrier's appeal was frivolous (see Matter of Appley v American Food, 82 AD3d at 1565).

McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is modified, without costs, by

reversing so much thereof as imposed a penalty against the employer's workers' compensation carrier pursuant to Workers' Compensation Law § 23, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court