*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                519932
_____

In the Matter of the Claim of
    TEREZE MARKU,
                    Claimant,

        v

ABM INDUSTRIES et al.,
                    Respondents,
        and                                MEMORANDUM AND ORDER

AGGREGATE TRUST FUND,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   September 11, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Michael Miliano, New York State Insurance Fund, Albany
(Nancy E. Wood of counsel), for appellant.

        Jones Jones, LLC, New York City (M. Carmel Corcoran of
counsel), for ABM Industries and another, respondents.

_____

Egan Jr., J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed February 4, 2014, which ruled that Continental
Casualty Company is entitled to a refund of $18,765 from the
Aggregate Trust Fund, and (2) from a decision of said Board,
filed July 3, 2014, which denied the application of the Aggregate
Trust Fund for reconsideration and/or full Board review.

Claimant, who worked for a janitorial services company, sustained work-related injuries to her back, right hip and right leg, as well as a consequential depressive disorder, following an August 2000 accident wherein she slipped on a strawberry while cleaning a kitchen. A Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as permanently partially disabled, awarded her continuing payments of $225 per week and directed that the employer's workers' compensation carrier deposit into the Aggregate Trust Fund (hereinafter ATF) "an amount equal to the present value of all unpaid benefits together with such additional sum as is necessary for the administration of such fund" (see Workers' Compensation Law § 27 [2]). The WCLJ's decision further provided, "A supplemental decision will follow which will detail the amount of the deposit. The carrier is responsible for payments as directed until the deposit is made into [the] ATF." By decision filed December 31, 2010, the Workers' Compensation Board affirmed, continued the case and referred the matter to the ATF "for an actuarial computation of the deposit amount [due]." The Board further noted that "[f]ollowing the issuance of a supplemental decision that contains the amount of the deposit, the case can be marked for no further action."[1]

The actuarial computation was completed in July 2011, and the present value of the award was calculated to be $126,848.83 as of November 17, 2011. However, despite repeated requests by both the ATF and the carrier, a supplemental decision detailing the sum due and directing the carrier to make the required deposit was not issued. Following a hearing in January 2013, a WCLJ found that the Board's December 2010 decision was sufficient to direct the carrier's payment of the award to the ATF, chastised the carrier for failing to do so and imposed a penalty for what was deemed to be an "unnecessary hearing."

While the carrier's application for Board review was pending, the carrier deposited $126,848.83 with the ATF and requested reimbursement in the amount of $18,765 — the latter sum

---

[1] The carrier apparently did not perfect its subsequent appeal of the Board's December 2010 decision to this Court.

representing the weekly benefits that the carrier paid to claimant between November 11, 2011 and June 22, 2013. A second actuarial computation was performed, which computed the interest on the award and deducted that amount ($12,402.32)[2] from the sum sought by the carrier, reducing the carrier's refund to $6,344.68. A WCLJ directed the ATF to refund that amount to the carrier, which the ATF did, and the carrier sought Board review.

The Board rescinded the penalty previously imposed and, by decision filed February 4, 2014, found that, because the promised supplemental decision directing the carrier to deposit a specific sum was not tendered, the carrier was not liable for interest on the award and awarded the carrier a refund in the amount of $18,765. The ATF's application for reconsideration and/or full Board review was denied, and the ATF now appeals from both the Board's February 2014 decision and the denial of its application for reconsideration and/or full Board review.

Workers' Compensation Law § 27 (2) was amended in 2007 to require that where, as here, a permanent partial disability award pursuant to Workers' Compensation Law § 15 (3) (w) is made on or after July 1, 2007, such award must be paid into the ATF (see Matter of Proulx v Burnett Process, 77 AD3d 1036, 1037 [2010]; Matter of Parkhurst v United Rentals Aerial Equip., Inc., 75 AD3d 702, 703 [2010], affd 17 NY3d 908 [2011]). Once the carrier makes such a deposit, "it is relieved of liability and the ATF assumes responsibility for all future payments to the beneficiary" (Matter of Turdo v Dellicato Vineyards, 73 AD3d 143, 145 [2010]; see Workers' Compensation Law § 27 [3]; Matter of Mace v Owl Wire & Cable Co., 284 AD2d 672, 674 [2001]). "As a general principle, the obligation to pay the lump sum into the ATF is fixed once the carrier is directed to pay it" (Matter of Monahan v Founders Pavilion, Inc., 123 AD3d 1170, 1171 [2014] [emphasis added, citations omitted]; see generally Matter of Becker v Rauli & Sons, Inc., 88 AD3d 1040, 1041 [2011]; Matter of Appley v American Food, 82 AD3d 1563, 1564 [2011]). Should the carrier appeal that directive, "the carrier is not required to

---

[2] The interest was computed from November 11, 2011 until the carrier tendered payment to the ATF on July 5, 2013.

pay the [lump-sum] amount [into the ATF] so long as it is . . . making timely payments to the claimant as compensation becomes due" (<u>Matter of Monahan v Founders Pavilion, Inc.</u>, 123 AD3d at 1171; <u>see</u> Workers' Compensation Law § 23).  However, in the event that "the award directing payment into the ATF is affirmed, Workers' Compensation Law § 27 (4) provides for payment of the lump sum as of the effective date of the original award plus interest" (<u>Matter of Monahan v Founders Pavilion, Inc.</u>, 123 AD3d at 1171-1172 [internal quotation marks omitted]).

Here, the WCLJ assessed interest on the underlying award from November 11, 2011 to July 5, 2013 – reasoning that the carrier should have paid the award following the issuance of the Board's December 2010 decision.  The Board disagreed, concluding that, in the absence of a supplemental decision directing it to tender a specific sum to the ATF in the first instance, the carrier should not be liable for the interest assessed.  Based upon our review of the record, the relevant statutes and the applicable case law, we cannot say that the Board's decision in this regard was arbitrary and capricious or otherwise constituted an abuse of discretion.

First, contrary to the ATF's assertion, neither Workers' Compensation Law § 27 (4) nor 12 NYCRR 393.2 addresses – much less compels – an award of interest under the circumstances presented here.  Additionally, the ATF's argument on this point ignores the fact that, as noted previously, the carrier's obligation to pay is premised upon a specific directive to do so (<u>see</u> <u>Matter of Monahan v Founders Pavilion, Inc.</u>, 123 AD3d at 1171; <u>see generally</u> <u>Matter of Becker v Rauli & Sons, Inc.</u>, 88 AD3d at 1041; <u>Matter of Appley v American Food</u>, 82 AD3d at 1564).  Here, the Board found (and the record clearly demonstrates) that a supplemental decision detailing the amount due and directing the carrier's deposit thereof – the issuance of which was expressly contemplated by both the original WCLJ and the Board – was never tendered.  In conjunction therewith, the Board implicitly – and, in our view, rationally – concluded that neither the C-40 request for actuarial computation nor the Board's December 2010 decision was sufficient to direct the

carrier to make the required deposit.[3]  Hence, the Board reasoned, absent the requisite directive to pay, the carrier should not be compelled to pay interest.[4]  As we discern no basis upon which to disturb the Board's conclusion in this regard, the February 2014 decision is affirmed.  The ATF's remaining contentions, including its assertion that the Board abused its discretion in denying the ATF's application for reconsideration and/or full Board review, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Although the ATF cites Employer: Matter of Home Depot USA (2011 WL 483972, 2011 NY Wkr Comp LEXIS 967 [WCB 8040 8901, Feb. 8, 2011]) for the proposition that a C-40 may suffice in this regard, the cited case is distinguishable in that the parties therein accepted the C-40 calculation without any request for further documentation.  Here, both the carrier and the ATF repeatedly sought a supplemental decision on this point, thereby evidencing an unwillingness to accept the actuarial calculation without further review.

[4]  To the extent that the ATF relies upon this Court's prior decision in Matter of Flynn v Managed Care, Inc. (100 AD3d 1115, 1115-1116 [2012]), we need note only that Flynn is distinguishable in that the carrier in that case was expressly directed to deposit a particular sum with the AFT and thereafter withheld payment and paid the beneficiaries directly while pursuing various appeals.